1839.

CHARRUAUD
v.
CHARRUAUD.

---

E. CHARRUAUD *v.* J. CHARRUAUD.

J. CHARRUAUD *v.* E. CHARRUAUD and another.

---

Although the names of some witnesses may not have been inserted in the notice required by the 74th rule to be served before examination, yet, where a full list was left with the examiner and the opposite party attended and cross-examined such witnesses, he was not allowed to have their testimony stricken out.

---

AT the time this suit stood ready for taking testimony, the solicitor for the defendants in the second suit served a notice of examination of witnesses on the opposite solicitor.   This was on the thirteenth day of February last, (1838), and, on the same day and before the examination of witnesses, the same solicitor served the examiner with a list of his witnesses ; but this last list contained names which were not in the former list (served upon the opposite solicitor.)   The examination went on ; and some of the names in the list, left with the examiner, gave their testimony and they underwent a cross examination by the counsel for the opposite solicitor.   One ground of a motion now made was, to suppress the testimony.

*January,*
1839.

*Practice.*
*Testimony.*

Mr. *Thomas Graham,* for the motion.

Mr. *Havens,* contra.

THE VICE-CHANCELLOR :—The depositions ought not to be

suppressed on the ground of irregularity. The names of the witnesses were contained in the list furnished the examiner before the examination commenced; and this was so far a compliance with the rule as to entitle the party to examine them after proper notice to the opposite party of the time and place of examination. Such a notice does not appear to have been given in this instance with respect to the witnesses whose depositions are now in question; but notice must be deemed to have been waived or its sufficiency admitted, by the party appearing and cross-examining these witnesses at length without objection on that ground. The objection was that their names were not in the first list or notice. They were, however, in the second or full list furnished the examiner; and if the other party wished the six days notice required by the 74th rule before commencing the examination, he should have said so; going into the examination, without objecting to the want of this notice, was a waiver of it. The examination must be deemed regular; and the depositions, on this ground, cannot be suppressed.